Case 14-00005    Doc 16-1    Filed 03/13/14    Entered 03/14/14 11:16:53    Desc corrective pdf attached    Page 1 of 4

14-00005:13.0:Proposed Findings of Fact and Conclusions of Law:Main Document Entered: 3/10/2014 11:43:46 AM by:Mohammed Badwan Page 1 of 4

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| In Re: SARGON M. & SHIRLEY Y. STEPHAN, | NO. 13 B 37975 |
| Debtors | |
| | Chapter 13 |
| SARGON M. & SHIRLEY Y. STEPHAN, | |
| Plaintiffs | Honorable Judge Jack B. Schmetterer |
| v. | |
| BANK OF AMERICA, N.A. | ADV. NO. 14-00005 |
| Defendant | |

## ~~AMENDED PROPOSED~~ FINDINGS OF FACTS AND CONCLUSIONS OF LAW

On January 2, 2014, SARGON M. STEPHAN & SHIRLEY Y. STEPHAN ("Plaintiffs") filed an adversary complaint pursuant to 11 U.S.C §§ 506 (a) and (d) and Federal Bankruptcy Rule 3012 to Determine the Value of Security and Strip Off Defendant's Underlying Lien Against Plaintiffs' Real Property. The Court, after proper notice to Defendant, having reviewed and considered the Complaint and Exhibits and being fully advised in the premises, and having entered an Order of Default ~~and Order of Default Judgment~~, now makes and enters the following Findings of Facts and Conclusions of Law and will separately enter judgment in favor of Plaintiffs in this matter.

## FINDINGS OF FACT

1. Plaintiffs are the owners of an improved parcel of residential real estate commonly known as 4843 Elm Street, Unit D, Skokie, Illinois 60077 ("Subject Real Estate").

2. The Subject Real Estate is not the Plaintiffs' principal residence.

3. A professional real estate evaluation ("Evaluation") was conducted by a licensed real estate professional, George Khalaf, an agent of Ambassador Real Estate Group. Said Evaluation was properly attached to the Complaint. The Evaluation concluded that the fair market value of the Subject Real Estate was $120,272.00 on September 26, 2013, the date the Plaintiffs filed their Chapter 13 bankruptcy, otherwise known as 13 B 37975. *See* Exhibit A attached hereto and incorporated herein is a true and correct copy of the Evaluation.

4. CitiMortgage, Inc. held a first mortgage lien against Subject Real Estate in the approximate amount of $132,785.55 as of September 26, 2013, the date the Plaintiffs filed their Chapter 13 bankruptcy, otherwise known as 13 B 37975. The CitiMortgage, Inc. lien was recorded with the Cook County Recorder of Deeds.

5. Bank of America, N.A. held a second mortgage lien against Subject Real Estate with an approximate amount of $46,181.00 on September 26, 2013, the date the Plaintiffs filed their Chapter 13 bankruptcy, otherwise known as 13 B 37975. Defendant's lien was recorded with the Cook County Recorder of Deeds.

6. On September 26, 2013, the amounts due and owing on the CitiMortgage Inc. primary lien exceeded the value of the Subject Real Estate.

7. The Plaintiffs' Chapter 13 bankruptcy plan provides that the Defendant's claim will be classified as an unsecured non-priority claim.

Case 14-00005    Doc 16-1    Filed 03/13/14    Entered 03/14/14 11:16:53    Desc corrective pdf attached    Page 3 of 4

14-00005:13.0:Proposed Findings of Fact and Conclusions of Law:Main Document Entered: 3/10/2014 11:43:46 AM by:Mohammed Badwan Page 3 of 4

## CONCLUSIONS OF LAW

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334, 151, & 157, in that this action arises in and relates to Bankruptcy Case No. 13 B 37975, *In re Sargon M. and Shirley Y. Stephan,* presently before this Court.

2. This is a core proceeding pursuant to 28 U.S.C § 157(b)(2)(k), 11 U.S.C §§ 506 (a) and (d), and Federal Bankruptcy Rule 3012 to Determine the Value of Security and Strip Off Defendant's Underlying Lien Against Plaintiffs' Real Estate.

3. Pursuant to 11 U.S.C § 1322(b), a lien upon a residential real estate which is the Debtor's primary residence cannot be modified. However, where the junior mortgage is wholly unsecured, it should not be allowed as a secured claim, and that the mortgage lien may be stripped off. *In re Havel*, 2002 WL 31944059 (Bankr. S.D. Ill. 2002); *In re Mann*, 249 B.R. 831, 840 (1st Cir. BAP 2000); *In Re Pond*, 2001 252 F.3d 122 (2nd Cir. 2001); *In Re MacDonald*, 205 F. 3d 606 (3rd Cir. 2000); *Bartee v. Tara Colony Homeowners Assoc.*, 212 F. 3d 277 (5th Cir. 2000); *In Re Lam*, 211 B.R. 36 (9th Cir. BAP 1357); *In Re Tanner*, 217 F. 3d 1357 (11th Cir. 2000). .

4. Pursuant 11 U.S.C § 506, the Defendant's second mortgage lien has been proven to be wholly unsecured, and therefore will be classified as an unsecured non-priority claim in Plaintiffs' Chapter 13 plan.

5. Defendant's secured claim against the Subject Real Estate is valued at zero.

6. The Plaintiffs are entitled to a Judgment Order declaring that upon successful completion and entry of discharge in Plaintiffs' Chapter 13, Defendant's lien will be rendered satisfied and will have no further legal force or effect.

7. The Court reserves jurisdiction to enforce the terms of this order.

Case 14-00005    Doc 16-1    Filed 03/13/14    Entered 03/14/14 11:16:53    Desc corrective pdf attached    Page 4 of 4

14-00005:13.0:Proposed Findings of Fact and Conclusions of Law:Main Document Entered: 3/10/2014 11:43:46 AM by:Mohammed Badwan Page 4 of 4

Dated: 3/13/14

Honorable Jack B. Schmetterer

United States Bankruptcy Judge

MAR 13 2014

Prepared by:

/s/ Mohammed O. Badwan
Mohammed Badwan, Esq. # 6299011
Counsel for Plaintiffs
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax (630)575-8188